UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ANDERSON JOSEPH,

                Plaintiff,

         - against -

SUPREME COURT OF THE STATE OF
NEW YORK,

                Defendant.

**MEMORANDUM & ORDER**
21-CV-1685 (PKC) (PK)

-------------------------------------------------------x

ANDERSON JOSEPH,

                Plaintiff,

         - against -                   21-CV-1686 (PKC) (PK)

THE LEGAL AID SOCIETY,

                Defendant.

-------------------------------------------------------x

ANDERSON JOSEPH,

                Plaintiff,

         - against -                   21-CV-1687 (PKC) (PK)

NEW YORK CITY POLICE DEPARTMENT,

                Defendant.

-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

       Plaintiff Anderson Joseph brings these three *pro se* actions under 42 U.S.C. § 1983

("Section 1983") in connection with his December 6, 2013 arrest and subsequent criminal

proceedings.[1]  The actions are consolidated solely for the purpose of this Order.  Plaintiff's requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 are granted.  For the reasons discussed below, the Complaints are dismissed.

## LEGAL STANDARD

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although all allegations contained in the compliant are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004) ("[A] court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations.").  "If [a] liberal reading of the complaint 'gives any indication that a valid claim might be stated,' the Court must give the plaintiff an opportunity to amend the complaint." *Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616 (PKC) (PK), 2019 WL

---

[1] The Court notes that in recent weeks, Plaintiff has filed 20 other cases against various individuals, organizations, and entities based on allegations that are unrelated to the allegations set forth in the Complaints associated with the cases captioned herein.  *See Joseph v. Nassau Cnty. Dep't of Prob.*, No. 21-CV-1690 (PKC) (PK); *Joseph v. Kirby Forensic Psychiatric Ctr.*, No. 21-CV-1688 (PKC) (PK); *Joseph v. Dep't of Probation*, No. 21-CV-1689 (PKC) (PK); *Joseph v. Row Hotel*, No. 21-CV-1691 (PKC) (PK); *Joseph v. Children's Rescue Fund*, No. 21-CV-1692 (PKC) (PK); *Joseph v. Landing Fam. Shelter*, No. 21-CV-1693 (PKC) (PK); *Joseph v. Spring Fam. Residence*, No. 21-CV-1694 (PKC) (PK); *Joseph v. Hollis Fam. Residence*, No. 21-CV-1695 (PKC) (PK); *Joseph v. MTA NYC Transit*, No. 21-CV-1696 (PKC) (PK); *Joseph v. H. Stark*, No. 21-CV-2136 (PKC) (PK); *Joseph v. Jamaica Hosp. Med. Ctr.*, No. 21-CV-2137 (PKC) (PK); *Joseph v. Mount Sinai Queens*, No. 21-CV-2139 (PKC) (PK); *Joseph v. NYU Langone Med. Bus. Off.*, No. 21-CV-2140 (PKC) (PK); *Joseph v. Queens Hosp. Ctr.*, No. 21-CV-2141 (PKC) (PK); *Joseph v. Wells Fargo Bank*, No. 21-CV-2810 (PKC) (PK); *Joseph v. TD Bank*, No. 21-CV-2811 (PKC) (PK); *Joseph v. Ridgewood Sav. Bank*, No. 21-CV-2812 (PKC) (PK); *Joseph v. CMJ Mgmt. Inc.*, No. 21-CV-2813 (PKC) (PK); *Joseph v. Chase Bank*, No. 21-CV-2814 (PKC) (PK); *Joseph v. Bank of Am.*, No. 21-CV-2816 (PKC) (PK).

1675999, at *2 (E.D.N.Y. Apr. 16, 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## BACKGROUND

In his Complaint against the Supreme Court of the State of New York, Plaintiff alleges that between December 6, 2013 and June 25, 2015, he faced discrimination at the court because, during the relevant time period, he "kept on going to court every 3 weeks from jail . . . and sometimes [] don't see no one in court." (No. 21-CV-1685, Dkt. 1, at 3–4.)  Plaintiff further alleges that he "was treated [without] respect[,] . . . was getting beat[en] in court," and that the court "has no due process of law."  (*Id.* at 4.)  Plaintiff alleges that he received medical treatment at Jamaica Hospital for face and head injuries, and felt stress and anxiety.  (*Id.*)  Plaintiff seeks $500 million in damages for pain and suffering. (*Id.* at 5.)

In his Complaint against the Legal Aid Society ("LAS"), Plaintiff alleges that between December 6, 2013 and June 25, 2015, he was "repressed" and "physically and mentally" abused by the LAS because they would not listen to his story about his arrest and questioned whether he had a "mental problem."  (No. 21-CV-1686, Dkt. 1, at 3–4.)  Plaintiff alleges that he was "discrimina[ted] and abuse[d]" by the LAS "[f]or 2 year[s] without due process of law."  (*Id.* at 4.)  Plaintiff alleges that he went to Kirby Forensic Psychiatric Center for treatment of his mental

health, depression, and anxiety, and to Jamaica Hospital for a head injury.  (*Id.*)  Plaintiff seeks $500 million in damages for pain and suffering.  (*Id.* at 5.)

In his Complaint against the New York City Police Department ("NYPD"), 105th Precinct, Plaintiff alleges that on or about December 6, 2013, he was illegally arrested in Queens Village, New York, and went to jail for 10 days on Rikers Island.  (No. 21-CV-1687, Dkt. 1, at 3–4.)  After bailing out of jail, Plaintiff alleges that he went to the 105th Precinct, but the NYPD officers refused to provide him with a report related to his arrest, and told him that if he did not leave, they would arrest him again.  (*Id.* at 4.)  Plaintiff alleges that on the day of his arrest, he received medical treatment at Long Island Jewish Hospital for face and back injuries, as well as for hand injuries that were self-inflicted.  (*Id.*)  Plaintiff seeks $500 million in damages for pain and suffering.  (*Id.* at 5.)

## DISCUSSION

### I.      42 U.S.C. § 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *accord Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere.").  To state a claim under Section 1983, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United

4

States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)).

To begin with, Plaintiff's claims against all Defendants must be dismissed as time-barred. "Section 1983 actions in New York are subject to a three-year statute of limitations, running from the time a plaintiff knows or has reason to know of the injury giving rise to the claim." *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (per curiam) (internal quotation marks and citations omitted); *see also Owens v. Okure*, 488 U.S. 235, 251 (1989). The statute of limitations for a false arrest claim begins to run at the time of detention. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007). Here, Plaintiff's claims arise out of his December 6, 2013 arrest and events that took place during his state court criminal proceedings between December 6, 2013 and June 25, 2015. The allegations in the Complaints indicate that Plaintiff knew of the alleged injuries giving rise to his claims at the time those injuries occurred. Therefore, because the events giving rise to Plaintiffs claims occurred at least five years prior to the filing of these actions, the claims must be dismissed. *See Milan*, 808 F.3d at 963–64 (affirming dismissal of Section 1983 claims filed more than three years after the completion of events giving rise to the claims); *Barnes v. City of New York*, No. 18-CV-7119 (AJN), 2020 WL 6947424, at *3 (S.D.N.Y. Nov. 25, 2020) (dismissing false arrest, excessive force, and other Section 1983 claims as time-barred by the three-year statute of limitations period).

Furthermore, Plaintiff's claims against the NYPD, 105th Precinct must be dismissed because neither the NYPD nor a specific police precinct is a suable entity. *See* N.Y.C. Charter, ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City." (citation omitted)); *Brannon v. 73rd Precinct*, No. 15-CV-72 (RRM) (RLM), 2016 WL 8711204, at *2 (E.D.N.Y. Apr. 15, 2016)

5

("Neither police precincts, nor the NYPD itself, have a legal identity separate and apart from City of New York and cannot sue or be sued; they are merely administrative arms of a municipality." (collecting cases)).

Plaintiff's claims against the Supreme Court of the State of New York also must be dismissed as barred by sovereign immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alteration, internal quotation marks, and citation omitted). "Congress has not abrogated sovereign immunity for Section 1983 claims, and New York has not waived it." *See Hahn v. New York*, 825 F. App'x 53, 54 (2d Cir. 2020) (summary order) (first citing *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and then citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39–40 (2d Cir. 1977)). Eleventh Amendment sovereign immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (citation omitted). The Supreme Court of the State of New York is part of the New York State Unified Court System, *see* N.Y. Const., art. 6, § 1(a), which "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity," *Gollomp*, 568 F.3d at 368 (internal citation omitted). Therefore, Plaintiff's claims against the Supreme Court of the State of New York must be dismissed. *See Ajaero v. Entire App. Div., App. Term*, No. 19-CV-11272 (CM), 2020 WL 137122, at *2 (S.D.N.Y. Jan. 10, 2020) (dismissing Section 1983 claims against "the Appellate Division, Appellate Term; Supreme Court; Criminal Court; Family Court; and all other inferior courts within the State of New York" as frivolous and barred by sovereign immunity), *appeal dismissed sub nom.*, 2020 WL 4590111 (2d Cir. July 8, 2020); *Murray v. Guzman*, No. 19-CV-1959 (CM), 2019

WL 1745744, at *3 (S.D.N.Y. Apr. 17, 2019) (dismissing Section 1983 claims against the New York Supreme Court as barred by sovereign immunity).

Finally, Plaintiff's claims against the LAS, and any claim against his criminal defense attorney from the LAS, are beyond the scope of Section 1983 liability.  "[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983."  *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000); *Caroselli v. Curci*, 371 F. App'x 199, 201 (2d Cir. 2010) (summary order) (noting that the New York State Legal Aid Society was not a state actor amenable to suit under Section 1983 (citations omitted)); *Szabo v. Legal Aid Soc'y*, No. 17-MC-219 (PKC), 2017 WL 1401296, at *4 (E.D.N.Y. Apr. 19, 2017) ("The Legal Aid Society and its attorneys . . . are not State actors amenable to suit under Section 1983." (citations omitted)).  Court-appointed attorneys, including attorneys associated with legal aid organizations, do not act under color of state law when they perform traditional functions of counsel.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) (summary order) (affirming summary judgment because a court-appointed attorney from the Legal Aid Society did not act under color of state law when representing a client); *Garcia v. City of New York*, No. 12-CV-4655 (MKB), 2013 WL 153756, at *3 (E.D.N.Y. Jan. 14, 2013) (dismissing Section 1983 claim against attorney from the Legal Aid Society).  Because Plaintiff has failed to plead facts demonstrating that either the LAS or his attorney acted under color of state law when allegedly violating his rights, a necessary element of a claim under Section 1983, *see Cornejo*, 592 F.3d at 127, all claims against the LAS and Plaintiff's LAS attorney must be dismissed.  *See Szabo*, 2017 WL 1401296, at *4.

## II.     Denial of Leave to Amend

As discussed, the Court has a duty to give a *pro se* plaintiff the opportunity to amend his complaint if a "liberal reading of the complaint 'gives any indication that a valid claim might be stated[.]'" *Nelson-Charles*, 2019 WL 1675999, at *2 (quoting *Cuoco*, 222 F.3d at 112).  However, where it would be futile to do so because the claims are fundamentally invalid, the Court may deny the plaintiff this opportunity.  *See Cuoco*, 222 F.3d at 112 ("The problem with [the plaintiff]'s causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile."); *accord Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order).  The Court finds that it would be futile to allow Plaintiff to re-plead the claims asserted in these three actions, and therefore declines to grant him the opportunity to file amended complaints in any of these actions.

## III.    Filing Injunction Warning

The federal courts have limited resources.  Frequent frivolous filings diminish the ability of the federal courts to manage their dockets for the efficient administration of justice.   "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (quotations and citations omitted).

Plaintiff is warned that the future filing of vexatious and frivolous litigation by him may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking IFP status without first obtaining permission from the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the

normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

The Complaints filed in the above-captioned cases are dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is respectfully directed to enter judgments and terminate the above-captioned cases.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore IFP status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 14, 2021
        Brooklyn, New York

9